Filed 5/28/13  P. v. Britton CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038180 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1112922) |
| v. | |
| RICK DOMINIQUE BRITTON, | |
| Defendant and Appellant. | |

Rick Dominque Britton was convicted and sentenced to three years in state prison pursuant to a plea bargain.  At sentencing, the trial court gave him credit for 90 actual days spent in presentence custody and the parties do not dispute that number.  On appeal, defendant Britton maintains that he is also entitled to 90 days of conduct credit but he improperly received only 44 days of conduct credit.[1]  He contends that he is entitled to

_____

[1]    Penal Code section 1237.1 provides:  "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court."  This provision precludes appeals based on mere mathematical or clerical errors unless a motion has been brought in the trial court to correct any error.  (See *People v. Delgado* (2012) 210 Cal.App.4th 761, 765-767.)  Since defendant challenged the trial court's determination of presentence

1

one-for-one credit under current Penal Code section 4019[2] and the trial court incorrectly interpreted section 4019 as foreclosing credit for crimes committed before October 1, 2011.

We find the trial court did not misinterpret section 4019 and affirm the judgment.

I

*Procedural History*

By information filed September 11, 2011, defendant was charged with three offenses alleged to have occurred in July or August 2011: (1) driving or taking a vehicle with a prior conviction (Veh. Code, § 10851, subd. (a), § 666.5) (count one), (2) buying or receiving a stolen motor vehicle with a prior conviction (§§ 496d, 666.5) (count two), (3) driving with a suspended or revoked license (Veh. Code, § 14601.1, subd. (a)).  As to counts one and two, the information alleged a prior felony conviction for violating Vehicle Code section 10851.  The information also alleged two prior prison terms (§ 667.5, subd. (b)), one served for a felony conviction for failure to register as a sex offender (former § 290, subd. (d)(2)) and the other served for a felony conviction of "auto theft" (Veh. Code, § 10851, subd. (a)).

On November 9, 2011, defendant pleaded no contest to all counts and admitted all allegations in exchange for a three-year state prison sentence.

On March 2, 2012, the deputy probation officer's "waived referral" memorandum was filed for purposes of sentencing.  The memorandum, dated December 2, 2011, specified that defendant was arrested on August 5, 2011.  At the time of arrest, defendant was on parole and there was an outstanding warrant for his arrest because he had absconded from parole supervision and failed to participate in the GPS program.  A

custody credit at the time of sentencing and now claims the trial court misinterpreted the law, we address his contentions on the merits.

[2]    All further statutory references are to the Penal Code unless otherwise specified.

2

parole hold was placed on defendant on August 5, 2011 based on the warrant and the new offenses.  The memorandum indicates that defendant was offered a parole revocation term of "8 months with eligibility for half time credits" and he was expected to be released on December 3, 2011, one day after the date of the memorandum.

Also on March 2, 2012, the sentencing hearing was held.  The probation officer indicated to the court that defendant was entitled to 134 days total credit consisting of 90 actual days plus 44 days conduct credit.  Defense counsel objected on ex post facto, equal protection, and due process grounds to the court's failure to award "half time credits" to defendant.  The court responded that defendant was not entitled to more credits and implied that the law in effect at the time of commission of the offenses controlled.  The court sentenced defendant to a middle three-year prison term on count one, imposed a time-served disposition on count three, and stayed the sentence on count two pursuant to section 654.  It struck the two prior prison term allegations in the interest of justice (§ 1385).  The court awarded defendant presentence credit for 90 actual days plus 44 days pursuant to section 4019 for total credits of 134 days.

Defendant timely filed a notice of appeal.

II

*Discussion*

A.  *Section 4019*

The current version of section 4019, which was in effect and operative beginning October 1, 2011 and at the time of sentencing in this case on March 2, 2011 (Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 35, pp. 5976-5977, eff. Sept. 21, 2011, operative Oct. 1, 2011), makes clear that "if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody."  (§ 4019, subd. (f); see § 4019, subds. (b)-(e).)  Subdivision (h) of section 4019 provides:  "The changes to this section enacted by the act that added this subdivision shall apply

3

prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."

The 2011 changes to the accrual of conduct credit were initially made applicable to prisoners confined for crimes committed on or after July 1, 2011. (Stats. 2011, ch. 15, § 482, pp. 497-498, eff. Apr. 4, 2011, operative Oct. 1, 2011 [former § 4019, subd. (h)].) Further amendments to section 4019 that were enacted before that legislation became operative made those changes applicable to prisoners confined for crimes committed on or after October 1, 2011. (See Stats. 2011, ch. 15, § 636, p. 622, eff. Apr. 4, 2011; Stats. 2011, ch. 39, §§ 53, 68, pp. 1730-1731, 1742, eff. June 30, 2011, operative Oct. 1, 2011; Stats. 2011, ch. 40, § 3, p. 1748, eff. June 30, 2011; Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 35, eff. Sept. 21, 2011, operative Oct. 1, 2011.)

B. *Statutory Construction*

The question presented in this case is whether subdivision (h) of section 4019 authorizes conduct credit to be earned under that section for actual days in custody on or after October 1, 2012 for crimes committed before that date. Appellant argues, in language very similar to the language used in a case no longer citable (Cal. Rules of Court, rules 8.1105(e)(1), 8.1115(a)), as follows: "Obviously, it would have been impossible to earn days in presentence confinement on an offense which had not yet been committed. [The second sentence of section 4019, subdivision (h),] is therefore meaningless surplusage unless the liberalized 1-for-1 credit charge [sic] applies to crimes committed before the stated October 1, 2011 date. Any seeming contradiction between the two sentences is only apparently implied. The ambiguity is reasonably resolved by giving effect to both sentences and harmoniously concluding that the liberalized 1-for-1 change applies both to prisoners confined for crimes committed after October 1, 2011 as

4

well as to prisoners confined after October 1, 2011 for earlier crimes [committed] before October 1, 2011, but only for credits earned on and accrued after October 1, 2011. Thus, the correct classification is between presentence credits earned prior to October 1, 2011 and credits earned after October 1, 2011."[3]

Defendant recites several principles of statutory construction, of which we are well aware, in support of his contentions. "[I]n reviewing the text of a statute, [courts] must follow the fundamental rule of statutory construction that requires every part of a statute be presumed to have some effect and not be treated as meaningless unless absolutely necessary. 'Significance should be given, if possible, to every word of an act. [Citation.] Conversely, a construction that renders a word surplusage should be avoided. [Citations.]' [Citations.]" (*People v. Arias* (2008) 45 Cal.4th 169, 180.) In addition, "[w]hen a statute is capable of more than one construction, ' "[w]e must . . . give the provision a reasonable and commonsense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity." ' [Citations.]" (*In re Reeves* (2005) 35 Cal.4th 765, 771, fn. 9.) Lastly, "under the traditional 'rule of lenity,' language in a penal statute that truly is susceptible of more than one reasonable construction in meaning or application ordinarily is construed in the manner that is more favorable to the defendant. (*People v. Avery* (2002) 27 Cal.4th 49, 57-58 . . . )" (*People v. Canty* (2004) 32 Cal.4th 1266, 1277.)

"When construing a statute, our primary task is to ascertain the Legislature's intent. (*Olson v. Automobile Club of Southern California* (2008) 42 Cal.4th 1142, 1147

---

3    The California Supreme Court granted review in *People v. Olague* (S203298) on August 8, 2012 and dismissed review in light of its decision in *People v. Brown* (2012) 54 Cal.4th 314 on March 20, 2013. "After an order dismissing review, the Court of Appeal opinion remains unpublished unless the Supreme Court orders otherwise." (Cal. Rules of Court, rule 8.528(b)(3).)

. . . .)  We begin our task by determining whether the language of the statute is ambiguous.  (*Ibid.*)  A statutory provision is ambiguous if it is susceptible of two reasonable interpretations.  (*Hoechst Celanese Corp. v. Franchise Tax Bd.* (2001) 25 Cal.4th 508, 519 . . . .)"  (*People v. Dieck* (2009) 46 Cal.4th 934, 939-940.)  Defendant maintains that subdivision (h) of section 4019 creates an ambiguity, which should be resolved in his favor, with regard to whether the section's more generous credit provisions apply to presentence custody occurring after October 1, 2011 for crimes committed before October 1, 2011.

Defendant urges us to not follow *People v. Ellis* (2012) 207 Cal.App.4th 1546 (review den. Oct. 31, 2012) because its interpretation of section 4019 "render[ed] the second sentence of subdivision (h) meaningless su[rp]lusage, since those who committed crimes prior to October 1, 2011 would already be receiving credits pursuant to the applicable prior law."  In *Ellis*, the Fifth District Court of Appeal concluded with respect to subdivision (h) of section 4019: "[T]he Legislature's clear intent was to have the enhanced rate apply *only* to those defendants who committed their crimes on or after October 1, 2011.  (See *People v. Lara* [(2012) 54 Cal.4th 896, 906,] fn. 9 . . . .)  The second sentence does not extend the enhanced rate to any other group, but merely specifies the rate at which all others are to earn conduct credits.  So read, the sentence is not meaningless, especially in light of the fact the October 1, 2011, amendment to section 4019, although part of the so-called realignment legislation, applies based on the date a defendant's crime is committed, whereas section 1170, subdivision (h), which sets out the basic sentencing scheme under realignment, applies based on the date a defendant is sentenced."[4]  (*People v. Ellis*, *supra*, 207 Cal.App.4th at p. 1553.)

---

[4]     Section 1170, subdivision (h)(6), now provides:  "The sentencing changes made by the act that added this subdivision shall be applied prospectively to any person sentenced on or after October 1, 2011."

6

The Court of Appeal, Fourth District, Division 3, agrees with *Ellis*. In *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, that court rejected an argument that the second sentence of section 4019, subdivision (h), "implies any days earned by a defendant *after* October 1, 2011, shall be calculated at the rate required by the current law, *regardless of when the offense was committed*." (*Id*. at p. 51.) It concluded that such an interpretation would render meaningless the language in the first sentence (*ibid*.), which provides that the changes to the accrual of presentence conduct credit "shall apply prospectively and shall apply to prisoners who are confined to a county jail . . . for a crime committed on or after October 1, 2011." (§ 4019, subd. (h).) The court concluded that adopting the defendant's interpretation would violate an elementary rule requiring courts, if possible, ascribe meaning to every word, phrase, and sentence of a statute and to avoid interpretations that render some words superfluous. (*People v. Rajanayagam*, *supra*, 211 Cal.App.4th at p. 51.)

The appellate court in *Rajanayagam* concluded: "[S]ubdivision (h)'s first sentence reflects the Legislature intended the enhanced conduct credit provision to apply only to those defendants who committed their crimes on or after October 1, 2011. Subdivision (h)'s second sentence does not extend the enhanced conduct credit provision to any other group, namely those defendants who committed offenses before October 1, 2011, but are in local custody on or after October 1, 2011. Instead, subdivision (h)'s second sentence attempts to clarify that those defendants who committed an offense before October 1, 2011, are to earn credit under the prior law. However inartful the language of subdivision (h), we read the second sentence as reaffirming that defendants who committed their crimes before October 1, 2011, still have the opportunity to earn conduct credits, just under prior law. (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1553 . . . .) To imply the enhanced conduct credit provision applies to defendants who committed their crimes before the effective date but served time in local custody after the effective

7

date reads too much into the statute and ignores the Legislature's clear intent in subdivision (h)'s first sentence." (*Id.* at p. 52, fn. omitted.)

"It is a settled principle of statutory construction, that courts should 'strive to give meaning to every word in a statute and to avoid constructions that render words, phrases, or clauses superfluous.' (*Klein v. United States of America* (2010) 50 Cal.4th 68, 80 . . . ; accord, *Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063 . . . .) We harmonize statutory provisions, if possible, giving each provision full effect. (*Cacho v. Boudreau* (2007) 40 Cal.4th 341, 352 . . . .)" (*In re C.H.* (2011) 53 Cal.4th 94, 103.)

We find that the first and second sentences of subdivision (h) of section 4019 may be reconciled on another basis as well. Those sentences may be harmonized by considering a custody scenario involving multiple restraints. A prisoner confined to jail before October 1, 2011 for a crime committed before that date may subsequently commit, after September 30, 2011, another offense (such as, for example, an assault, an unlawful possession of a controlled substance or weapon, or a sex offense) while in presentence confinement. That prisoner may then be held in presentence custody for that offense as well and, consequently, qualify as a prisoner "confined to a county jail . . . for a crime committed on or after October 1, 2011." (§ 4019, subd. (h).) The second sentence of section 4019, subdivision (h), states: "Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." This language may be reasonably understood as clarifying that conduct credit based on days in custody prior to October 1, 2011 (the statute's operative date) must be "calculated at the rate required by the prior law" even if earned by a prisoner confined for another offense committed on or after October 1, 2011. (§ 4019, subd. (h).)

A number of courts have concluded that, as to crimes committed before October 1, 2011, the current version of section 4019 is not applicable and former law governs calculation of conduct credit. (*People v. Hul* (2013) 213 Cal.App.4th 182, 186-187;

8

*People v. Rajanayagam*, *supra*, 211 Cal.App.4th at p. 51; *People v. Verba* (2012) 210 Cal.App.4th 991, 993; *People v. Ellis*, *supra*, 207 Cal.App.4th at p. 1553; see also *People v. Kennedy* (2012) 209 Cal.App.4th 385, 400.)  We too reach the same conclusion.

C.  *Calculation of Conduct Credit*

It appears undisputed that defendant was in presentence custody following his release from a parole revocation term through sentencing on March 2, 2011 and this period of custody occurred after October 1, 2011.  Any days in presentence custody served while he was under a parole hold and before his parole revocation term began should have been credited only against the parole revocation term.  (See *People v. Bruner* (1995) 9 Cal.4th 1178, 1194.)  The reported 90 actual days of presentence custody is consistent with credit for the time spent in local custody following his release from the parole revocation term (expected to be December 3, 2011) through sentencing on March 2, 2012.  Nothing in the appellate record establishes that any part of 90 actual days was served before October 1, 2011.

As discussed, the Legislature explicitly provided that section 4019 as amended operative October 1, 2011 applied prospectively rather than retroactively.  (§ 4019, subd. (h).)  Subdivision (h) of that section evinces an intent that the prior law must be applied to calculations of conduct credit as to custody for offenses committed before October 1, 2011 and as to custody occurring before October 1, 2011.  Thus, it operates as an implied savings clause.  (See *In re Estrada* (1966) 63 Cal.2d 740, 747 [where new law increases punishment, an offender can be punished under old law if there is an express or implied saving clause]; cf. *People v. Gill* (1857) 7 Cal. 356, 357 [amended penal law's saving clause continued old law in effect as to offenses committed prior to amendment].)

Former section 4019, effective September 28, 2010, which was in effect before the 2011 amendments, provided that "a term of six days will be deemed to have been served for every four days spent in actual custody."  (Stats.2010, ch. 426, § 2, p. 2088. eff.

9

Sept. 28, 2010.)  Accordingly, defendant was entitled to 44 days of conduct credit under that provision.[5]  (Cf. *In re Marquez* (2003) 30 Cal.4th 14, 26.)

DISPOSITION

The judgment is affirmed.


_____

ELIA, J.


WE CONCUR:




_____

RUSHING, P. J.




_____

PREMO, J.


---

[5]    Neither party has suggested that defendant was entitled to enhanced credits under former section 2933 (Stats. 2010, ch. 426, § 1, p. 2087, eff. Sept. 28, 2010).  Subdivision (e)(3) of former section 2933 provided that "[s]ection 4019, and not this subdivision, shall apply if the prisoner is required to register as a sex offender, pursuant to Chapter 5.5 (commencing with Section 290) . . . ."  (*Ibid.*)  The Deputy Probation Officer's December 2, 2011 sentencing memorandum stated that defendant was "ineligible for local sentencing due to his requirement to register as a sex offender pursuant to Penal Code Section 290."