[No. G046040. Fourth Dist., Div. Three. Jan. 29, 2013.]

THE PEOPLE, Plaintiff and Respondent, v.
PHEAP HUL, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part I.B.

184

**COUNSEL**

Renée Paradis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ARONSON, Acting P. J.**—A jury convicted Pheap Hul of possessing a usable quantity of cocaine. (Health & Saf. Code, § 11350, subd. (a).) Hul committed the offense on May 26, 2011, and he was arrested and booked into jail that day. He did not make bail and remained in jail through the jury verdict in early October 2011 and sentencing later that month, when the trial court imposed the low term of 16 months in what the parties agree would have been a sentence to state prison had Hul been sentenced a month earlier. Instead of prison, the trial court under the Criminal Justice Realignment Act of 2011 (Realignment Act), operative October 1, 2011, remanded Hul to local custody to serve his term. (Pen. Code, § 1170, subd. (h)(1) [felonies with terms not otherwise specified "shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years"]; all further undesignated statutory references are to this code.)

At sentencing, Hul requested "day-for-day" presentence conduct credits, but the trial court concluded Hul's maximum potential conduct credits for serving his term in local custody were two days for every four days of actual custody, effectively half-time. Accordingly, the trial court granted Hul 156 days' presentence credit for actual time served, and 78 days of conduct credit, for 234 total days of presentence credit. Hul argues he was entitled to 156 days of conduct credit, for a total of 312 days' presentence credit, and the Attorney General agrees. Hul premises his argument on equal protection, ex post facto, and statutory construction principles. We need only reach and decide the last of these contentions, under which Hul was entitled to full, day-for-day presentence conduct credits, as we explain. We therefore correct the judgment (§ 1260) to award Hul his requested presentence conduct credit. In the unpublished portion of the opinion, we delete a restitution fine in the trial court's minute order that it did not impose at sentencing. (*Ibid.*) In all other respects, the judgment is affirmed.

I

DISCUSSION

Having already described the pertinent facts and procedural history, we turn immediately to the merits of Hul's claims.

A.  *Full, Day-for-day Presentence Conduct Credit*

■   At the time of Hul's offense, section 4019 provided that presentence-in-custody defendants were eligible for conduct credits at a rate of two days for every four days of actual custody for offenses committed on or after

September 28, 2010. (Former § 4019, subd. (f); Stats. 2010, ch. 426, § 2.) To incentivize good behavior in local custody despite the prospect of a prison sentence typically much longer than jail sentences at the time, the same legislation (Stats. 2010, ch. 426, § 1) authorized full, day-for-day presentence conduct credits for defendants ultimately sentenced to prison, with certain limitations, including exclusions for sex offenses and serious felonies. (Former § 2933, subd. (e)(1).) Specifically, former section 2933, subdivision (e)(1), provided: "Notwithstanding [s]ection 4019 and subject to the limitations of this subdivision, a prisoner sentenced to the state prison under [s]ection 1170 for whom the sentence is executed shall have one day deducted from his or her period of confinement for every day he or she served in a county jail, city jail, industrial farm, or road camp from the date of arrest until state prison credits pursuant to this article are applicable to the prisoner." ■ Thus, defendants sentenced to a local jail received maximum presentence conduct credit only at a half-time rate under section 4019, while those sentenced to state prison could receive full, day-for-day conduct credit under section 2933 for presentence custody.

The Realignment Act made watershed sentencing and prisoner supervision changes. Most significantly, the Legislature amended section 1170 so that felony offenses with a determinate term, including Hul's possession offense, generally are punished by "imprisonment in a county jail" instead of a state prison (§ 1170, subd. (h)(1) & (2)), except in cases involving serious or violent current or prior felonies or a gang enhancement or sex offender registration (§ 1170, subd. (h)(3).) The Legislature also amended section 4019 so that it governs presentence conduct credit for prisoners serving out their terms in a county jail *and* for those sentenced to state prison (§ 4019, subd. (a)(1)–(6)), while section 2933 now addresses only *post*sentencing conduct credit that may be earned in a state prison.

■ " 'In interpreting statutes, we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law . . . .' " (*People v. Loeun* (1997) 17 Cal.4th 1, 9 [69 Cal.Rptr.2d 776, 947 P.2d 1313].) " 'If the statutory language is clear and unambiguous, then we need go no further.' " (*People v. Sinohui* (2002) 28 Cal.4th 205, 211 [120 Cal.Rptr.2d 783, 47 P.3d 629].)

■ Section 4019, which became law effective April 4, 2011, and operative on October 1, 2011 (Stats. 2011, ch. 15, § 482), now provides that presentence conduct credit is earned at a full, day-for-day rate, *but* these new credits are expressly available only to defendants who committed their crimes after October 1, 2011. (§ 4019, subd. (h).) For crimes committed before that date, the Realignment Act provides that Senate Bill No. 76 (2009–2010 Reg. Sess.), effective September 28, 2010, and codified in former sections 4019

and 2933, continues to apply to presentence local confinement credit "for a crime," like Hul's, "committed on or after the effective date of that act." (§ 4019, subd. (g).) Removing any potential doubt about the rate applicable to calculation of conduct credits for Hul's offense, subdivision (h) provides: "Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h).) Thus, to accurately determine Hul's presentence conduct credit, the trial court was required to determine how he would have been sentenced under prior law.

■ The trial court concluded that because it committed Hul to jail under the Realignment Act (§ 1170, subd. (h)(1)), he was only eligible for conduct credits at the half-time rate applicable to jail sentences under former section 4019 for offenses committed between September 28, 2010, and October 1, 2011. The court erred, however, because section 4019 provides for presentence credits as required by "prior law" (§ 4019, subd. (h)), and the trial court could not—before the Realignment Act—have committed Hul to local custody while imposing a 16-month prison sentence. Put another way, under prior law governing Hul's May 2011 offense date, the 16-month sentence the trial court imposed would have been served in state prison (Health & Saf. Code, former § 11350, subd. (a); Stats. 2000, ch. 8, § 3, p. 50) not a county jail, and the applicable rate of presentence conduct credit therefore would have been full, day-for-day credit (compare former § 2933 with former § 4019). As two preeminent sentencing authorities have explained, "Except as to where the sentence is served, commitments under section 1170[, subdivision ](h), are being treated the same as state prison commitments." Accordingly, "[i]t would seem reasonable for the defendant to receive 'state prison' [presentence conduct] credit . . . ." (Couzens & Bigelow, Felony Sentencing After Realignment, Jan. 2013, p. 44, at <www.courts.ca.gov/partners/documents/felony_sentencing.pdf> [as of Jan. 29, 2013].) We agree. Because applicable prior law provided for day-for-day presentence conduct credit, and the trial court determined Hul was entitled to credit for good conduct, he was entitled to credit at the full, day-for-day rate.

**B.** *No Restitution Fine**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II

## DISPOSITION

We modify the judgment (§ 1260) to reflect that Hul is entitled to 156 days of presentence conduct credit, and therefore his total presentence custody

---

*See footnote, *ante*, page 182.

credit is 312 days. We direct the trial court to correct its sentencing order to reflect this change, to delete from the minute order the $200 restitution fine, and to forward a corrected abstract of judgment to local custody officials and to California's Department of Corrections and Rehabilitation as necessary. The judgment is affirmed in all other respects.

Fybel, J., and Thompson, J., concurred.