Filed 4/3/13  P. v. Vasquez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JORGE VASQUEZ,<br><br>  Defendant and Appellant. | 2d Crim. No. B237778<br>(Super. Ct. No. 2011005801)<br>(Ventura County) |

Jorge Vasquez (Vasquez) challenges the trial court's calculation of presentence conduct credits and the sufficiency of the evidence underlying one of his three convictions.  We modify the judgment to include additional conduct credits, but otherwise affirm.

### FACTS AND PROCEDURAL HISTORY

On January 25, 2011, Vasquez approached his former girlfriend, Brianna Hernandez, in the parking lot outside the Vons market where she worked.  Vasquez grabbed for her car keys.  They struggled over them, back and forth, for more than 30 seconds before Vasquez wrested them from her.  After Hernandez fled into the Vons, Vasquez drove off in her car without her permission.  Vasquez returned the car several minutes later, but he had damaged the car and taken some of Hernandez's personal property.

Among other things, Vasquez was charged with felony unlawful taking of a vehicle (Veh. Code, § 10851); felony vandalism (Pen. Code, § 594); [1] and misdemeanor battery (§ 243, subd. (e)(1)). The jury convicted Vasquez of all three crimes. [2]

Vasquez was sentenced on October 6, 2011. The trial court imposed the upper term sentence of three years on the unlawful taking count, followed by a consecutive eight months term (one-third the two-year midterm) on the vandalism count. Citing section 654, the court stayed the concurrent, 180-day sentence it imposed on the misdemeanor. The court ordered Vasquez to serve his time in the county jail rather than state prison. (§ 1170, subd. (h)(3).)

The court awarded Vasquez 235 days of presentence credits for the time he actually spent in local custody and 116 days of conduct credits. The court applied a formula that awarded one day of conduct credit for every two days of actual custody.

## DISCUSSION

### I. *Calculation of Presentence Conduct Credits*

Vasquez argues that the trial court erred in awarding him only one day of conduct credit for each two days of actual custody time. Vasquez asserts that the trial court's resort to this rate was dictated by the Realignment Act of 2011 (Act). Because he would have received twice as many conduct credits under pre-Act law, and because the Act was enacted after he committed his crimes, Vasquez contends that the Act constitutes an unconstitutional ex post facto law and otherwise violates equal protection.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] The jury hung on a carjacking charge (§ 215), and acquitted Vasquez of a simple battery charge arising out of Vasquez's alleged conduct in throwing the car keys at Hernandez after he returned the car.

We need not reach Vasquez's constitutional claims because the Act preserves his entitlement to accrue conduct credits at the pre-Act rate. The Act provides that "[a]ny days earned by a prisoner prior to October 1, 2011, shall be calculated by the rate required by the prior law." (§ 4019, subd. (h).) In *People v. Hul* (2013) __ Cal.App.4th __ [2013 Cal. App. LEXIS 60, at pp. 5-7], the court interpreted this provision to guarantee that a defendant, like Vasquez, who commits his crime before the Act's passage but who is sentenced thereafter, still earns conduct credits at the pre-Act rate. We agree with *Hul*. Vasquez is accordingly entitled to 235 days of conduct credits, for a total of 470 days of credit.

II. *Sufficiency of the Evidence*

Vasquez also challenges the evidence supporting his misdemeanor domestic violence battery conviction. In evaluating this claim, we examine only "'. . . whether there is substantial evidence, i.e., evidence from which a reasonable trier of fact could conclude that the prosecution sustained its burden of proof beyond a reasonable doubt. . . .' [Citation]" (*People v. Assad* (2010) 189 Cal.App.4th 187, 194.) We review the evidence in the light most favorable to the verdict and assess solely whether the supporting evidence is "'. . . reasonable, inherently credible, and of solid value . . . .'" (*Ibid.*)

Vasquez argues that the People did not adduce sufficient evidence that he ever touched Hernandez during the struggle over her car keys. "A battery is any willful and unlawful use of force or violence upon the person of another." (§ 242.) This requires "a touching of the victim." (*People v. Marshall* (1997) 15 Cal.4th 1, 38.) "[T]he least touching" will suffice. (*People v. Mansfield* (1988) 200 Cal.App.3d 82, 88.)

Vasquez and Hernandez "struggled" for at least 30 seconds, back and forth, before Vasquez succeeded in wresting the car keys from her. Given that they were struggling over car keys, it is reasonable for the jury to infer from the testimony that Vasquez touched Hernandez in the midst of their struggle. Moreover, there is little doubt that he applied force to her during the struggle, which

3

is itself sufficient. (*People v. Wright* (1996) 52 Cal.App.4th 203, 210, fn. 17 ["A defendant can commit a battery indirectly by causing the force to be applied to the person of another"].)

## *DISPOSITION*

We modify the abstract of judgment to reflect 235 days of conduct credit, for a total of 470 days of custody credit. The Superior Court Clerk shall prepare an amended abstract of judgment incorporating this change and forward a certified copy to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED.

HOFFSTADT, J.[*]

We concur:

GILBERT, P. J.

PERREN, J.

---

[*] (Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Chung L. Mar, Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.