Filed 4/3/13  P. v. Stancliff CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LARRY ALLEN STANCLIFF,<br><br>        Defendant and Appellant. | A134037<br><br>(Sonoma County<br>Super. Ct. No. SCR-594028) |

On November 29, 2011, Larry Allen Stancliff was sentenced under Penal Code section 1170, subdivision (h)[1] (hereafter section 1170(h)) to a four-year term in local custody for auto burglary (§ 459) and receiving stolen property (§ 496, subd. (a)).  Both offenses were committed in November 2010.   Stancliff argues that equal protection principles entitle him to day for day presentence custody conduct credits pursuant to a 2011 amendment to section 4019, and that he was improperly denied such credit.  We do not need to reach Stancliff's equal protection argument because we conclude that calculating his presentence custody conduct credits under the version of section 4019 in effect when Stancliff was sentenced, "at the rate required by prior law" (§4019, subd. (h)), results in award of the credits he seeks.  We therefore order the judgment modified to reflect 185 days of additional credits.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

# I.    BACKGROUND

In June 2011, Stancliff was charged by felony information with three counts of felony auto burglary (§ 459; counts I–III); two counts of felony drug possession (hydrocodone & oxycodone) (Health & Saf. Code, § 11350, subd. (a); counts IV–V); one count of felony receipt of stolen property (§ 496, subd. (a); count VI); one count of misdemeanor possession of a burglary device (§ 466; count VII); and one count of misdemeanor resisting arrest (§ 148, subd. (a)(1); count VIII).  The crimes allegedly occurred between October 30 and November 28, 2010.  It was further alleged that Stancliff had four prior convictions within the meaning of section 667.5, subdivision (b).

During jury selection for his trial, the prosecutor and Stancliff informed the court they had negotiated a plea agreement.  Stancliff would plead no contest to counts III (auto burglary on November 11, 2010) and VI (receipt of stolen property on November 28, 2010) and admit two prior convictions, and the remaining charges would be dismissed with a *Harvey*[2] waiver.  On sentencing, as recited by the court during the plea colloquy, "probation would be denied and [Stancliff] would be sentenced pursuant to the dictates of . . . Section 1170(h), to a split sentence in which [he] w[ould] serve three years in local custody and have one year of community supervision after [he was] released from custody for a total sentence of four years," with the sentences on the two counts to run concurrently.  No mention was made of Stancliff's presentence custody credits.  Similarly, the minute order for the plea hearing states:  "People recommend Probation Denied State Prison Pursuant to 1170(h) Split Sentencing – 3 Years In Custody 1 year Community Supervision," and Stancliff's waiver form states, "My plea(s) are conditioned on receiving the following consideration as to sentence. [¶] Probation . . . will be denied . . . Counts 6 and 3 to be served concurrently. [¶] . . . [¶] The custody term will be for the stipulated term of split sentence per . . . 1170(h) [¶] . . . 3 years in custody (local jail facility) [¶] 1 year community supervision [¶] Total sentence 4 years," with no mention in either of presentence custody credits.  The court found Stancliff knowingly and

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754, 758.

voluntarily waived his constitutional rights, accepted the change of pleas, convicted Stancliff of the two charges, and found the two prior conviction allegations true. The jury was discharged.

Sentencing took place on November 29, 2011. Consistent with the negotiated disposition, the court denied Stancliff probation and committed him "to the Sonoma County jail for the aggregate term of four years of which 12 months will be suspended during which time the defendant shall be subject to mandatory supervision by the probation department." The court imposed fees and restitution fines, and awarded Stancliff 549 days in presentence custody credit, consisting of 367 days of actual custody and 182 days of good conduct credit. When asked if he had any questions about the sentence, Stancliff said, "[I]f I went to prison, I would automatically get half time because I'm disabled, and because I'm staying here, I'm only getting two-thirds time. Under American[s] with Disabilities [Act], I'm entitled to half time. [¶] . . . [¶] . . . [T]he [jail] facility cannot meet my medical needs . . . , and I would actually like to go to prison." The court responded that Stancliff could not be sentenced to prison under section 1170(h).

## II.    DISCUSSION

Stancliff argues in his opening and reply briefs that, under equal protection principles, he should have received additional presentence custody credits pursuant to a 2011 amendment to section 4019, which he contends should have been applied retroactively to his case. In a supplemental brief, he urges us to follow a recent decision of our colleagues in the Fourth District in *People v. Hul* (2013) 213 Cal.App.4th 182 (*Hul*). *Hul* held as a matter of statutory interpretation that convicts in Stancliff's situation should receive one-for-one presentence custody credits.

The People argue that Stancliff waived any claim to additional credits by accepting the plea deal, that he further forfeited the argument by failing to obtain a certificate of probable cause, and that the equal protection argument fails on the merits. They do not argue *Hul* was wrongly decided. We conclude Stancliff did not waive or forfeit his claim to additional presentence custody credits and that *Hul*'s statutory

3

construction analysis is persuasive.  Therefore, we will modify the judgment to award Stancliff additional credits.  It is not necessary for us to reach Stancliff's equal protection argument.

A.     *Waiver and Forfeiture*

The People argue that Stancliff waived his claim to additional custody credits because he accepted the court's calculation of credits as a condition of his plea agreement.  The People's argument is not supported by the record.  Custody credits were not mentioned in either the plea waiver form that was signed by Stancliff or the plea colloquy that was conducted by the court.  The People cite to court's announcement of its calculation of credits at the *sentencing hearing.*  However, this hearing took place long after Stancliff changed his plea pursuant to the negotiated disposition.  A knowing waiver cannot logically encompass prospective events that the defendant did not contemplate in a plea bargain.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 85 (*Panizzon*).)

For the same reason, Stancliff did not forfeit his custody credit argument by failing to obtain a certificate of probable cause.  A certificate of probable cause is not required when a defendant seeks to appeal "[g]rounds that arose after entry of the plea and do not affect the plea's validity."  (Cal. Rules of Court, rule 8.304(b)(4); *Panizzon, supra*, 13 Cal.4th at pp. 74–75 [citing Cal. Rules of Court, former rule 31(d)].)  Here, the record clearly reflects that calculation of Stancliff's credits was not part of the plea agreement.

Finally, we note that Stancliff's argument is not forfeited even though Stancliff failed to raise it in the trial court.  (We question whether Stancliff's implied argument that he was entitled to additional credits based on his disability status preserved his equal protection argument.)  If Stancliff's argument is correct, his sentence was not authorized by law and thus can be corrected at any time.  (*People v. Scott* (1994) 9 Cal.4th 331, 354 [sentences entered in excess of jurisdiction may be reviewed on appeal, even if never challenged in the trial court].)

B.     Hul'*s Statutory Construction Analysis*

In a supplemental letter brief filed after regular briefing was completed, Stancliff has asked us to award him one-for-one presentence custody conduct credits based on a

statutory interpretation of section 4019 articulated in *Hul, supra,* 213 Cal.App.4th 182. Again, although Stancliff did not raise this argument in his opening or reply briefs, we may address the merits of the argument because, under the rationale of *Hul*, Stancliff received an unauthorized sentence. (*People v. Scott, supra,* 9 Cal.4th at p. 354.) In their supplemental brief addressing the *Hul* decision, the People do not argue that *Hul* was wrongly decided, but reiterate their argument that Stancliff's appeal is barred by waiver and forfeiture. We note that in *Hul*, the People expressly agreed with the court's statutory interpretation. (*Hul*, at p. 185.)

In any event, we are persuaded by the *Hul* court's analysis. We quote that analysis in full: "[Former] section 4019 provided that presentence-in-custody defendants were eligible for conduct credits at a rate of two days for every four days of actual custody for offenses committed on or after September 28, 2010. (Former § 4019, subd. (f); Stats. 2010, ch. 426, § 2.) To incentivize good behavior in local custody despite the prospect of a prison sentence typically much longer than jail sentences at the time, the same legislation (Stats. 2010, ch. 426, § 1) authorized full, day-for-day presentence conduct credits for defendants ultimately sentenced to prison, with certain limitations, including exclusions for sex offenses and serious felonies. (Former § 2933, subd. (e)(1).) Specifically, former section 2933, subdivision (e)(1), provided: 'Notwithstanding [s]ection 4019 and subject to the limitations of this subdivision, a prisoner sentenced to the state prison under [s]ection 1170 for whom the sentence is executed shall have one day deducted from his or her period of confinement for every day he or she served in a county jail, city jail, industrial farm, or road camp from the date of arrest until state prison credits pursuant to this article are applicable to the prisoner.' Thus, defendants sentenced to a local jail received maximum presentence conduct credit only at a half-time rate under section 4019, while those sentenced to state prison could receive full, day-for-day conduct credit under section 2933 for presentence custody.

"The Realignment Act made watershed sentencing and prisoner supervision changes. Most significantly, the Legislature amended section 1170 so that felony offenses with a determinate term, including Hul's possession [of controlled substances]

offense [in violation of Health and Safety Code section 11350, subdivision (a)], generally are punished by 'imprisonment in a county jail' instead of a state prison (§ 1170, subd. (h)(1) & (2)), except in cases involving serious or violent current or prior felonies or a gang enhancement or sex offender registration (§ 1170, subd. (h)(3).) The Legislature also amended section 4019 so that it governs presentence conduct credit for prisoners serving out their terms in a county jail *and* for those sentenced to state prison (§ 4019, subd. (a)(1)–(6)), while section 2933 now addresses only *post*sentencing conduct credit that may be earned in a state prison.

" ' "In interpreting statutes, we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law . . . ." ' (*People v. Loeun* (1997) 17 Cal.4th 1, 9.) ' "If the statutory language is clear and unambiguous, then we need go no further." ' (*People v. Sinohui* (2002) 28 Cal.4th 205, 211.)

"Section 4019, which became law effective April 4, 2011, and operative on October 1, 2011 (Stats. 2011, ch. 15, § 482), now provides that presentence conduct credit is earned at a full, day-for-day rate, *but* these new credits are expressly available only to defendants who committed their crimes after October 1, 2011. (§ 4019, subd. (h).) For crimes committed before that date, the Realignment Act provides that Senate Bill No. 76 (2009–2010 Reg. Sess.), effective September 28, 2010, and codified in former sections 4019 and 2933, continues to apply to presentence local confinement credit 'for a crime,' like Hul's, 'committed on or after the effective date of that act.' (§ 4019, subd. (g).) Removing any potential doubt about the rate applicable to calculation of conduct credits for Hul's offense, subdivision (h) provides: 'Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law.' (§ 4019, subd. (h).) Thus, to accurately determine Hul's presentence conduct credit, the trial court was required to determine how he would have been sentenced under prior law.

"The trial court concluded that because it committed Hul to jail under the Realignment Act (§ 1170, subd. (h)(1)), he was only eligible for conduct credits at the half-time rate applicable to jail sentences under former section 4019 for offenses

6

committed between September 28, 2010, and October 1, 2011. The court erred, however, because section 4019 provides for presentence credits as required by 'prior law' (§ 4019, subd. (h)), and the trial court could not—before the Realignment Act—have committed Hul to local custody while imposing a 16-month prison sentence. Put another way, under prior law governing Hul's May 2011 offense date, the 16-month sentence the trial court imposed would have been served in state prison (Health & Saf. Code, former § 11350, subd. (a); Stats. 2000, ch. 8, § 3, p. 50) not a county jail, and the applicable rate of presentence conduct credit therefore would have been full, day-for-day credit (compare former § 2933 with former § 4019). As two preeminent sentencing authorities have explained, 'Except as to where the sentence is served, commitments under section 1170(h), are being treated the same as state prison commitments.' Accordingly, '[i]t would seem reasonable for the defendant to receive "state prison" [presentence conduct] credit . . . .' (Couzens & Bigelow, Felony Sentencing After Realignment, Jan. 2013, p. 44, at <www.courts.ca.gov/partners/documents/felony_sentencing.pdf> [as of Jan. 29, 2013].) We agree. Because applicable prior law provided for day-for-day presentence conduct credit, and the trial court determined Hul was entitled to credit for good conduct, he was entitled to credit at the full, day-for-day rate." (*Hul, supra,* 213 Cal.App.4th at pp. 185–187, parallel citations & some brackets omitted.)

This analysis is fully applicable to Stancliff, who committed his offenses in November 2010 and was sentenced in November 2011. If Stancliff had been sentenced to four years in custody under the law in effect at the time he committed his offense, he would have been sent to prison. Because he could only have been committed to prison to serve such a sentence, the then-current version of section 2933, subdivision (e)(1) (Stats. 2010, ch. 426, § 1) would have required him to receive one-for-one presentence custody conduct credits. Under current section 4019, subdivision (h), which was in effect when Stancliff was sentenced in November 2011, Stancliff's presentence custody conduct credits had to be "calculated at the rate required by prior law." (§ 4019, subd. (h).) That is, they had to be calculated at the rate of one day of conduct credit for each day of actual custody.

7

Stancliff served 367 days of actual custody but received only 182 days of good conduct credit.  One-for-one credit would entitle Stancliff to an additional 185 days of credit.  We award him those additional credits.

### III.    DISPOSITION

The judgment is modified to reflect an award of an additional 185 days of presentence custody conduct credits, for a total of 734 presentence custody credits.


_____
Bruiniers, J.


We concur:


_____
Simons, Acting P. J.

_____
Needham, J.