Filed 7/16/13  P. v. Salih CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D061622 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE314667) |
| MUAYED SALIM SALIH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joseph P. Brannigan, Judge.  Affirmed.

R. Clayton Seaman, Jr., for Defendant and Appellant, under appointment by the Court of Appeal.

Kamala D. Harris, Attorney General, Dane R. Gillette and Julie L. Garland, Assistant Attorneys General, Melissa Mandel and Warren Williams, Deputy Attorneys General.

Muayed Salim Salih appeals his jury convictions for assault with a deadly weapon other than a firearm (Pen. Code,[1] § 245, subd. (a)(1)), and exhibiting a deadly weapon other than a firearm (§ 417, subd. (a)(1)).  The court imposed a $154 booking fee on Salih under Government Code section 29550.1.  It placed him on probation for three years and ordered him to serve one year in jail.  The court awarded him 26 conduct credits under section 4019.

Salih contends the court (1) prejudicially erred by not instructing the jury sua sponte on unanimity; (2) miscalculated his presentence custody credits; and (3) imposed a booking fee without finding an ability to pay, and the latter failure violated his constitutional right to equal protection.  We affirm.

FACTS

In September 2011, as Abdul Almaleki drove his daughter from a grocery store parking lot in El Cajon, California, Salih approached Almaleki's truck, spat on the window, insulted Almaleki and Almaleki's family, and challenged Almaleki to fight.  Almaleki tried to get away, but Salih ran to his own car and speedily followed Almaleki out of the parking lot, stopping directly behind him at a nearby intersection.  Hoping to find police officers or security cameras, Almaleki drove into a neighboring courthouse parking lot and remained there for approximately 15 minutes.  Salih parked nearby, waved a knife out his window, and said something Almaleki could not hear.  Almaleki drove to an adjacent police station parking lot, followed by Salih.  Almaleki returned to

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

the courthouse parking lot one or two minutes later. After approximately five minutes, Almaleki noticed a passing police car and attempted to exit the parking lot to flag down the officer. Salih partially blocked Almaleki by stopping in front of the parking lot exit, but Almaleki maneuvered around Salih's car and honked at the officer, who stopped at a nearby restaurant. Salih stopped following Almaleki. Police later arrested Salih.

## DISCUSSION

### I.

Salih argues the court prejudicially erred by failing to instruct the jury sua sponte on unanimity because jurors could have disagreed on whether he assaulted Almaleki at the stoplight or at the courthouse parking lot exit. We review instructional error de novo. (*People v. Lueth* (2012) 206 Cal.App.4th 189, 195.)

To convict, juries must reach unanimous verdicts. Courts must instruct on unanimity when multiple actions could independently constitute a charged offense and the prosecution does not identify which of a defendant's actions it relies on to support the conviction. The unanimity requirement protects due process by preventing juries from convicting a defendant without agreeing on the discrete offense committed. (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) However, a court need not instruct on unanimity when the conduct constitutes a continuous criminal incident. (*People v. Percelle* (2005) 126 Cal.App.4th 164, 181-182.)

"Continuous conduct" refers to temporally proximate acts for which the defendant harbors similar or identical criminal objectives, even if the incident encompasses events that the charged crime does not. (*People v. Percelle*, *supra*, 126 Cal.App.4th at pp. 181-

3

182 [no unanimity instruction required when defendant twice attempted credit card fraud within approximately one hour at the same store]; *People v. Haynes* (1998) 61 Cal.App.4th 1282, 1294-1296 [no unanimity instruction required because the defendant twice robbed the victim of "the same property" "just minutes and blocks apart"].)

Here, the jury based its conviction on a continuous, approximately 22-minute incident during which Salih used the same instrument—his car—and targeted the same victim—Almaleki—throughout. Likewise, Salih cannot show that the brief, insubstantial geographical and temporal separations disrupted continuity between the parking lot and stoplight encounters. Salih harbored the same assaultive intent during the entire pursuit. Thus, the court did not err in failing to instruct on unanimity.

Even if the trial court erred, it was harmless beyond a reasonable doubt under the heightened prejudice standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 24. " 'Where the record provides no rational basis, by way of argument or evidence, for the jury to distinguish between the various acts, and the jury must have believed beyond a reasonable doubt that defendant committed all acts if he committed any, the failure to give a unanimity instruction is harmless. [Citation.] Where the record indicates the jury resolved the basic credibility dispute against the defendant and therefore would have convicted him of any of the various offenses shown by the evidence, the failure to give the unanimity instruction is harmless.' " (*People v. Curry* (2007) 158 Cal.App.4th 766, 783.) Here, the jury did not have any reason to distinguish between the stoplight and parking lot encounters; instead, the jury must have concluded beyond a reasonable doubt that Salih assaulted Almaleki throughout the incident.

## II.

Salih contends the court should have calculated his custody credits at two different rates because he served time both before and after the October 2011, amendment to section 4019 subdivision (h) became effective. Salih cites *People v. Brown* (2012) 54 Cal.4th 314, 322-323 (*Brown*) for the proposition that prisoners "earn[] credit at two different rates" when their "custody overlap[s] the statute's operative date."

However, *Brown*, *supra*, 54 Cal.4th 314 interpreted a different version of section 4019. Under the current version of section 4019 subdivision (h), defendants who commit crimes after October 1, 2011, are entitled to presentence conduct credit at a full, day-for-day rate, "*but* these new credits are expressly available only to defendants who committed their crimes after October 1, 2011. (§ 4019, subd. (h).)" (*People v. Hull* (2013) 213 Cal.App.4th 182, 186.) "Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h).) Thus, the trial court correctly calculated Salih's custody credits.

We also reject Salih's equal protection claim because we are bound by *Brown*, which held that equal protection does not require a retroactive application of section 4019. (*Brown*, *supra*, 54 Cal.4th at pp. 328-329; see *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

## III.

Finally, Salih argues the court erred by imposing the booking fee without finding he had an ability to pay. Salih further argues Government Code section 29550.1 violates his constitutional right to equal protection by not requiring a court find an ability to

pay—unlike Government Code sections 29550 and 29550.2.  During this appeal's pendency, the California Supreme Court held defendants forfeit their right to appeal a booking fee when they fail to object in the trial court.  (*People v. McCullough* (2013) 56 Cal.4th 589, 597.)  Salih did not object to the booking fee in the trial court and thus forfeited this claim.


DISPOSITION

The judgment is affirmed.


O'ROURKE, J.

WE CONCUR:


McDONALD, Acting P. J.


McINTYRE, J.

6