Filed 10/7/13  P. v. Brown CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C072879 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 11-457) |
| v. | |
| LERON DEANDRE BROWN, | |
| Defendant and Appellant. | |

Following a plea of no contest to vehicle theft, the trial court sentenced defendant Leron Deandre Brown to two years in county jail.  Appointed counsel for defendant has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having reviewed the record as required by *Wende*, we note two errors and will affirm the judgment as modified.

---

[1]  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2011, defendant took a car belonging to Mona S. from a public transportation parking lot. On August 31, 2011, he was seeking gas money from adults on school grounds in Olivehurst. When a deputy sheriff responded to investigate defendant's conduct, defendant walked away from the car, which sat unoccupied and idling in the road. Defendant claimed the car belonged to a friend's girlfriend and that he and his friend had run out of gas and were looking for gas money. The deputy sheriff confirmed that the car had been reported as stolen. Defendant then claimed that he had only ridden in the car and had not driven it. Defendant claimed his friend, whose real name he did not know, had left 20 minutes earlier. A search of defendant revealed 2.6 grams of marijuana. A search of the car revealed a backpack in the passenger seat and a bicycle in the back seat. A glass smoking pipe was found in the backpack. Defendant claimed his friend had stolen the bicycle from a yard.

Defendant entered a negotiated plea of no contest to vehicle theft (Veh. Code, § 10851, subd. (a)) in exchange for dismissal of the remaining counts, no state prison at the outset, and release on his own recognizance pending sentencing with a waiver under *People v. Cruz* (1988) 44 Cal.3d 1247, which specified that if defendant failed to appear at future hearings, missed appointments with probation, or violated the law, the court could sentence defendant to the maximum term.

Defendant violated the terms of the *Cruz* waiver by failing to keep appointments with probation, failing to appear at a hearing, and committing a new offense. The court denied probation and sentenced defendant to the midterm of two years to be served in county jail pursuant to Penal Code section 1170, subdivision (h)(5)(A).

Defendant appeals. The trial court granted defendant's request for a certificate of probable cause. (Pen. Code, § 1237.5.)

We appointed counsel to represent defendant on appeal. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We note two errors. At the plea hearing in August 2012, defendant entered his plea in exchange, inter alia, for dismissal of the remaining counts. The court took the People's motion to dismiss the remaining counts under submission until sentencing. At sentencing in December 2012, the trial court failed to dismiss the remaining counts. We will order the remaining counts—receipt of a stolen vehicle (Pen. Code, § 496d, subd. (a)), unlawful possession of paraphernalia (Health & Saf. Code, § 11364), and possession of marijuana (*id.,* § 11357, subd. (b))—dismissed.[2]

With respect to presentence custody credits, in response to defense appellate counsel's request for modification of custody credits, the court awarded 97 actual days and 97 conduct days for a total of 194 days of presentence custody credit. The calculation of actual days was based on the probation officer's report. The probation officer miscalculated the period from July 1, 2012 to July 6, 2012 as five days when it totals six days, resulting in a miscalculation of the total actual days; the total should be 98 days rather than 97 days. Since the actual days total 98 days, defendant's conduct days should likewise total 98 days for a total of 196 days of presentence custody credit.

---

[2] Although the trial court did not mention dismissal of the remaining counts at sentencing, the minute order for judgment and sentencing does reflect dismissal of the remaining counts.

(*People v. Hul* (2013) 213 Cal.App.4th 182, 185-187.)  We will modify the judgment accordingly.[3]

## DISPOSITION

The judgment is modified, dismissing the remaining counts and amending the presentence custody credit to 98 actual days and 98 conduct days for a total of 196 days. The trial court is directed to prepare an amended abstract of judgment reflecting the amended custody credit and to forward a certified copy to the appropriate parties.  As modified, the judgment is affirmed.


_____BUTZ_____, J.


We concur:


_____ROBIE_____, Acting P. J.


_____HOCH_____, J.

---

[3]  In the interest of judicial economy, we correct these errors without having requested supplemental briefing.  A party claiming to be aggrieved by this procedure may petition for rehearing.  (Gov. Code, § 68081.)