Filed 3/12/14  P. v. Martin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE, | C071879 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F0016) |
| v. | |
| TIMOTHY JAMES MARTIN, | |
| Defendant and Appellant. | |

In May 2011, defendant Timothy James Martin pled no contest to second degree burglary (Pen. Code, §§ 459, 460, subd. (b);[1] count one), unlawful driving of a vehicle (Veh. Code, § 10851, subd. (a); count two), two counts of knowing receipt of stolen property (§ 496; counts three & four), and misdemeanor possession of an access card

---

[1] Undesignated statutory references are to the Penal Code.

1

with intent to defraud (§ 484e, subd. (c); count five).[2]  In exchange, two prior prison term allegations (§ 667.5, subd. (b)) were dismissed.

The trial court sentenced defendant to a stipulated term of four years four months in prison, consisting of the upper term of three years on count one, plus consecutive terms of eight months each on counts two and three.  The court imposed a concurrent sentence on count four, but stayed it pursuant to section 654.  On count five, the court sentenced defendant to a consecutive term of 365 days with 144 days of custody credit and 72 days of conduct credit.[3]  The trial court stayed execution of the prison sentence and placed defendant on probation on the condition that he successfully complete the Teen Challenge program.

In January 2012, the probation department filed a petition alleging that defendant violated his probation (VOP) by, inter alia, failing to complete Teen Challenge.  At arraignment on the VOP, defendant informed the court that his brother had passed away, and the court ordered defendant to report to the probation department that same day.  Defendant failed to report, and the probation department filed another VOP.  At a contested hearing, the trial court sustained both petitions.  In June 2012, the trial court ordered execution of the prison sentence and awarded defendant 258 days of custody credit and 149 days of conduct credit.

Defense counsel requested credit for the time defendant was in Teen Challenge, arguing because defendant was "ordered to" the program by the court, he was entitled to custody credit for the days he spent in the program.  The People opposed the request, arguing defendant "didn't go to [prison]" and "wasn't in our jail" so he was not in custody.  Neither party asked for a hearing on the issue.  Without stating its reasons, the

---

[2]  The facts of defendant's crimes are not relevant to this appeal.

[3]  Defendant also pled no contest to charges pending in other cases.

court declined to award defendant custody credit for Teen Challenge, but told defense counsel "if you want to bring it back to court for modification of these orders within time limits, you certainly have the option to do that."

Defendant contends: 1) his one-year sentence on count five must be modified to the statutory maximum of six months; 2) he is entitled to additional custody credit for the time he spent at Teen Challenge; 3) he is entitled to day-for-day conduct credit; and 4) he is entitled to be sentenced to jail rather than prison under the realignment sentencing scheme. We agree with his first contention as well as his third, and shall modify the judgment accordingly; we shall also order a correction to the abstract.

## DISCUSSION

### I

### *Modification of Sentence on Count Five*

Defendant first contends, and the People concede, the trial court erred when it sentenced him to jail for 365 days for fraudulently possessing an access card, a petty theft. We agree with the parties.

Defendant pled to misdemeanor possession of an access card with intent to defraud. (§ 484e, subd. (c).) That section categorizes this offense as petty theft. Petty theft is punishable by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding six months, or both. (§ 490.) Because the sentence of 365 days is unauthorized, we will modify the sentence to the statutory maximum of six months despite the absence of an objection below. (See § 1260.)

### II

### *Custody and Conduct Credit for Time at Teen Challenge*

Defendant next contends the trial court erred in failing to award him credit for the time he spent at Teen Challenge. The People respond that although defendant "may" be entitled to credit for actual time he spent in the program, conduct credit is not available

for time spent in a rehabilitation facility. In his reply brief, defendant agrees and withdraws his claim for conduct credit.

Section 2900.5, subdivision (a) provides in relevant part: "In all felony and misdemeanor convictions, . . . when the defendant has been in custody, including, but not limited to, any time spent in a . . . rehabilitation facility . . . , all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, . . . shall be credited upon his or her term of imprisonment." Apparently due to information in other parts of the record that suggest the Teen Challenge program, as administered in defendant's case, might qualify as "custody" such that he would be entitled to credit under section 2900.5, the People decline to take a firm position on the issue. Instead, they repeatedly assert that defendant "may" qualify for credit. The People add that it "*appears* [defendant] was subjected to significant restriction and supervision." But whether that program was *sufficiently* restrictive, as administered in defendant's case, is a factual determination that was neither sought nor made in the trial court. (See *People v. Ambrose* (1992) 7 Cal.App.4th 1917, 1922 ["The question of whether a particular facility should be considered sufficiently restrictive as to amount to custody constitutes a factual question"].)

Here, the trial court ruled against defendant but told counsel to "bring it back to court for modification" if needed, which the record does not reflect was done. We simply do not know the details of defendant's confinement while at Teen Challenge. We know that it ended when he absconded from the program while out on a validly-issued pass. Thus the record is devoid of sufficient evidence that defendant's time in the program was indeed "custodial" to cause us to conclude the trial court erred in ruling to the contrary.

## III

### *Conduct Credit Pursuant to Amended Section 4019*

Defendant next contends the trial court erred in failing to award him day-for-day conduct credit for his 258 days of actual custody. We agree, but point out that defendant's entitlement to day-for-day credit stems not from section 4019, as he argues, but from former section 2933, as we explain immediately *post.*

Under the *Bobb-Smith* "two-for-four" formula described by this court, section 4019 previously provided that for every four-day period a defendant served, he would be deemed to have served a six-day period, and therefore would be entitled to two days of conduct credit. (See *People v. Bobb* (1989) 207 Cal.App.3d 88, 97-98; *People v. Smith* (1989) 211 Cal.App.3d 523, 527; Stats. 1982, ch. 1234, § 7, p. 4554.)

Senate Bill No. 18 amended section 4019, effective January 25, 2010, to enhance the number of presentence conduct credits for certain offenders. (Stats. 2009-2010, 3d Ex. Sess., ch. 28, § 50.) Under that bill, most defendants--other than registered sex offenders, or those who committed or had prior convictions for serious or violent felonies--accrued "two-for-two" credits, two days of conduct credit for every two days of actual custody. (See *People v. Garcia* (2012) 209 Cal.App.4th 530, 535-536 (*Garcia*).) This change was deemed prospective in effect. (*People v. Brown* (2012) 54 Cal.4th 314.)

Senate Bill No. 76, effective September 28, 2010, restored the "two-for-four" *Bobb-Smith* formula in effect prior to January 25, 2010, for persons committed to jail, but created a "one-for-one" day formula for defendants sentenced to prison--except registered sex offenders, or those who committed or had prior convictions for violent or serious or felonies. This formula was set forth in section 2933. (Stats. 2010, ch. 426, §§ 1 & 2; see *Garcia*, *supra*, 209 Cal.App.4th at pp. 537-539; *People v. Hul* (2013) 213 Cal.App.4th 182, 185-186 (*Hul*).)

The 2011 Realignment Act authorized conduct credit for local prisoners at the rate of two days for every two days spent in local custody.  (Stats. 2011, ch. 15, § 482.)  The new formula became effective October 1, 2011.  (Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, § 35; § 4019, subd. (f).)

> "Section 4019, which became law effective April 4, 2011, and operative on October 1, 2011 [citation], now provides that presentence conduct credit is earned at a full, day-for-day rate, but these new credits are expressly available only to defendants who committed their crimes after October 1, 2011.  (§ 4019, subd. (h).)  For crimes committed before that date, the Realignment Act provides that Senate Bill No. 76 (2009–2010 Reg. Sess.), effective September 28, 2010, and codified in former sections 4019 and 2933, continues to apply to presentence local confinement credit 'for a crime,' like Hul's, 'committed on or after the effective date of that act.'  (§ 4019, subd. (g).)  Removing any potential doubt about the rate applicable to calculation of conduct credits for Hul's offense, subdivision (h) provides:  'Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law.'  (§ 4019, subd. (h).)  Thus, to accurately determine Hul's presentence conduct credit, the trial court was required to determine how he would have been sentenced under prior law." (*Hul, supra,* 213 Cal.App.4th at pp. 186-187.)

In this case, defendant committed his crimes between January 4 and January 9, 2011.  Thus, Senate Bill No. 76 "continues to apply to" defendant's entitlement to "presentence local confinement credit." (*Hul, supra,* 213 Cal.App.4th at pp. 186-187.)  The parties' debate as to whether defendant is entitled to additional conduct credit under the September 2010 revision of *section 4019* misses the mark because that particular section does not apply to defendant.  He was sentenced to prison, and therefore was subject to the application of the September 2010 revision of *section 2933*.  None of his present or prior convictions was for a serious or violent felony.  His sole prior sexual offense was not subject to mandatory registration, and the record does not indicate that the sentencing court subjected him to discretionary registration.  Because none of these disqualifying items applies to defendant, his 258 days of custody entitle him to 258 days of conduct credit under former section 2933.  We shall modify the judgment accordingly.

6

IV

*Inapplicability of Realignment Sentencing Scheme*

Defendant contends his prison sentence must be converted to a county jail sentence or, in the alternative, the matter must be remanded for resentencing. He reasons that realignment sentencing (§ 1170, subd. (h)) applies to sentences that were imposed and suspended before October 1, 2011, and are ordered executed on or after that date.

In *People v. Wilcox* (2013) 217 Cal.App.4th 618 at pages 622 through 627 (*Wilcox*), we rejected defendant's contention, expressly disagreeing with *People v. Clytus* (2012) 209 Cal.App.4th 1001 at pages 1009 through 1010, on which defendant's argument is based. We concluded: "While the trial court executed the stayed term after the Realignment Act's effective date, that order related back to the original date of sentencing. The trial court was thus without authority to modify the previously imposed state prison term, and it correctly executed the sentence." (*Wilcox*, *supra,* at pp. 626-627.)[4] We adhere to our decision in *Wilcox*. There was no error.

V

*Abstract Correction*

As indicated, *ante*, the trial court imposed a concurrent sentence on count 4, but stayed that sentence pursuant to section 654. However, the abstract of judgment does not reflect the section 654 stay. An abstract of judgment must fully and accurately capture all components of a defendant's sentence. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385-389.) Accordingly, the trial court shall ensure the new abstract of judgment correctly reflects the sentence actually imposed on count 4, including the section 654 stay.

---

[4] *Wilcox* also expressly disagreed with *People v. Scott* (2013) formerly at 216 Cal.App.4th 848, which had followed *Clytus*. (*Wilcox, supra*, 217 Cal.App.4th at p. 626.) On July 24, 2013, our Supreme Court granted review of *Scott* (No. S211670).

7

## DISPOSITION

The judgment is modified to impose a six-month sentence on count five and to award defendant 258 days of conduct credit.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


                                        DUARTE                , J.



We concur:


      BLEASE           , Acting P. J.



      MAURO           , J.



8