Filed 6/21/16  P. v. Okerlund CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C077719 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041718) |
| v. | |
| LOREN OLIVER OKERLUND, | |
| Defendant and Appellant. | |

Defendant Loren Oliver Okerlund pleaded no contest to second degree burglary (Pen. Code, § 459)[1] and admitted firearm and on bail allegations (§§ 12022, subd. (a)(1); 12022.1).  The trial court imposed a six-year eight-month state prison term.

---

[1] Further undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends the trial court erred in sentencing him to state prison rather than county jail pursuant to section 1170, subdivision (h). He also alleges an error in the abstract.

As we will explain, we hold that without a certificate of probable cause, defendant cannot raise his first contention and we decline to consider it. Because we agree there is an error in the abstract of judgment, we shall order correction and affirm.

## BACKGROUND

We need not recite the details of defendant's crimes in order to resolve his claims on appeal. It suffices to say that defendant was charged with second degree burglary and felon in possession of a firearm (§ 29800, subd. (a)(1)), along with firearm, on-bail, and strike allegations. His strike was alleged to be a 1994 residential burglary conviction from the state of Washington which "includes all of the elements of a particular prior as all of the elements of a particular violent felony as defined in subdivision (c) of Section 667.5 or serious felony as defined in subdivision (c) of Section 1192.7."

On August 26, 2014, defendant signed a plea agreement form. The form is extensive, and contains a numbered list of 30 different admissions and other representations with the admonishment to pleading defendants to "initial only in the boxes [preceding] statements that you have read, understand, and with which you agree." For example, defendant initialed boxes agreeing that he was sober, agreeing to a list of the charges to which he was pleading no contest, and a box marked "(If applicable)," wherein he admitted firearm and on-bail enhancements. He also initialed another box marked "(If applicable)," admitting he was "excluded from County Prison Housing if sentenced to prison."[2] He initialed another box indicating he understood that his

---

[2] The term "county prison" is a product of the legislation enacting section 1170, subdivision (h), the Realignment Act. (Stats. 2011, ch. 15, § 1; Stats. 2011-2012, 1st Ex. Sess. 2011, ch. 12, § 1.) Before realignment, state prison was where a convicted felon

2

maximum sentence was six years eight months in *state* prison, crossing out the option that provided for service of sentence in county prison. There were multiple boxes which defendant did not initial. He did initial a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754), agreeing that the sentencing judge could consider dismissed and stricken allegations, among other things, in imposing sentence.

At his August 28, 2014, change of plea hearing, defendant acknowledged his initials and signature on the plea agreement form and indicated in response to the trial court's questions that he carefully read the form, carefully reviewed it with his attorney, and understood everything contained in the form. Defendant also verbally acknowledged that he understood the maximum sentence of confinement to be six years eight months in state prison. Neither the "county prison" exclusion agreement nor where defendant would serve his term if incarcerated was explicitly addressed at the hearing.

At the September 25, 2014, sentencing hearing, the trial court began by indicating that it intended to follow the recommendation in the probation report and impose an upper term in state prison. The probation report advised that defendant would be required to serve any term in state prison because his Washington (state) prior conviction was a serious felony as defined in subdivision (c) of Section 1192.7. After the parties argued over whether probation or something other than the upper term might be appropriate, the trial court sentenced as indicated.

would serve his or her term of incarceration. (See former § 18 (Stats. 1976, ch. 1139, § 98); *People v. Hul* (2013) 213 Cal.App.4th 182, 187.) The Realignment Act and most courts describe the place of incarceration for those subject to realignment sentences as county jail. (§ 1170, subd. (h)(2); see, e.g., *People v. Brown* (2015) 61 Cal.4th 968, 974; *People v. Scott* (2014) 58 Cal.4th 1415, 1418-1419.) However, felony incarceration in a county jail pursuant to the Realignment Act is nonetheless considered a prison term. (See *People v. Mendoza* (2015) 241 Cal.App.4th 764, 794 [§ 1203.2a, which addresses sentencing probationer committed to state prison for another offense, applies to § 1170, subd. (h) sentences].) The term "county prison" is therefore known as referring to a felony incarceration in county jail pursuant to section 1170, subdivision (h). (See *Mendoza*, at p. 779; *People v. Martinez* (2014) 226 Cal.App.4th 759, 762.)

3

Defense counsel then commented: "The issue I have is whether or not we have a prior that's proven up sufficiently such that his housing is going to be in state prison as opposed to county. I mean, we have the bare allegation that he has a prior conviction. But whether or not that matches up with California law, and I've already said that. So I'm questioning that at this point." When asked for authority for his contention, counsel replied in relevant part: "Well, the authority that I'm presenting to the Court is that it hasn't been presented or proven up such that his housing or lodging would be in the Department of Corrections." The prosecutor responded, "My understanding from case law is that the People are not required to prove up -- to plead and prove a prior for purposes of housing."

The trial court concluded by reiterating that it was relying on the probation report and confirmed defendant's sentence was to be served in state prison.

Defendant filed a timely notice of appeal, but failed to secure a certificate of probable cause.

## DISCUSSION

### I

### *Challenge to State Prison Term*

Defendant first challenges his state prison term, but rather than a challenge to the *length* of the term, his challenge is to the directive that he serve his term in state prison rather than county prison due to his prior out-of-state conviction (prior) and its classification as a serious felony as defined in subdivision (c) of Section 1192.7.

A felony term imposed for a second degree burglary conviction is subject to section 1170, subdivision (h), which mandates that, barring certain exceptions, the term shall be served in county jail rather than state prison. (§§ 1170, subd. (h), 460, subd. (b).) One exception disqualifies a defendant from serving the term in county jail if he or she "has a prior felony conviction in another jurisdiction for an offense that has all the

4

elements of a serious felony described in subdivision (c) of Section 1192.7 or a violent felony described in subdivision (c) of Section 667.5, (C) . . . ."  (§ 1170, subd. (h)(3).)

Here, defendant was sentenced to state prison for his burglary conviction due to his prior.  As we have noted, this 1994 prior was alleged in the complaint as a serious or violent felony, and defendant admitted in his plea agreement that he would be "excluded from County Prison Housing if sentenced to prison," presumably due to the prior.  We see no other reason for his exclusion.  He also admitted his sentence would be served in state, rather than county, prison, crossing out the county prison option on the form.  The probation report also advised he was excluded from county prison due to the nature of the prior as a serious felony.

Defendant now contends there is insufficient evidence to support a finding that his prior *is* a serious felony because the crime of residential burglary in Washington includes conduct that would not qualify as a residential burglary in California, and the record contains no evidence of the facts of the prior.  Relying on our decision in *People v. Griffis* (2013) 212 Cal.App.4th 956 (*Griffis*), he argues for remand.

The Attorney General argues that defendant is trying to "improve his sentence" by "serving it in county jail" and thus cannot bring his claim without having secured a certificate of probable cause, as his sentence was an agreed-upon component of the plea deal.  Defendant responds that the venue where he will serve his sentence was not a proper subject for the parties' agreement.  He adds that the parties did not understand the plea agreement to mandate a state prison sentence, as evidenced by the brief discussion after imposition of sentence.  As he is not challenging the length of his sentence, defendant concludes that he is not challenging the validity of the plea.

Because defendant agreed that he was excluded from county prison as part of the plea agreement, we disagree and find his challenge to his state prison sentence constitutes a challenge to the validity of his plea.  Although we certainly do not retreat from our

5

holding in *Griffis*, this case is different because of the references to state and county prison contained in the plea agreement, and defendant's admission of his ineligibility.

" '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause." (*People v. Shelton* (2006) 37 Cal.4th 759, 766; § 1237.5.) Here, as we have described, the parties signed an extensive plea agreement containing many components which together made up the negotiated sentence. Two of these components dealt directly with defendant's understanding of where he would serve any prison sentence, and both components indicated he agreed he would go to state prison rather than county prison. Although defendant argues that exclusion is not something that can be stipulated as part of a plea agreement, we see the issue differently. Just as defendant agreed that a factual basis supported his plea, thereby agreeing that his criminal conduct supported the counts of conviction, he also agreed that his prior rendered him ineligible for a sentence to county prison. This agreement obviated any need for the parties to litigate defendant's conduct underlying the prior and its elements, because by agreeing he was excluded he--in effect--agreed the prior contained "all the elements of a serious felony described in subdivision (c) of Section 1192.7," as alleged. Otherwise, his agreement would be meaningless, just as his agreement to a factual basis would be meaningless if the People still had to prove the elements of the crimes to which he pleaded were satisfied.[3]

_____

[3] Although defendant insists that the Attorney General concedes defendant was eligible for county prison, this argument mischaracterizes the Attorney General's alternate request for remand for a determination of eligibility. Further, as the prosecutor noted at the sentencing hearing, findings that disqualify a person from realignment sentencing need not be proved beyond a reasonable doubt. (*Griffis, supra*, 212 Cal.App.4th at pp. 962-964.) Defendant's agreement to his ineligibility for county prison as part of his plea agreement meant that defendant agreed the allegation of the nature of the prior as a serious felony was adequate without further proof, as we have explained.

6

Defendant's claim that his waiver was not knowing and intelligent, raised in his reply brief for the first time, comes too late. Further, "a defendant who has signed a waiver form upon competent advice of his attorney has little need to hear a ritual recitation of his rights by a trial judge . . . . [¶] . . . So long as the waiver form contains sufficient information, and both the defendant and his counsel attest to its valid execution, the judge may, in his discretion, dispense with further explanation to the defendant of his rights." (*In re Ibarra* (1983) 34 Cal.3d 277, 286.) At the change of plea hearing, defendant and his counsel both affirmed that they discussed the plea and that defendant understood it. Nothing more is required. Defense counsel's comments after sentence was imposed regarding placement signal nothing more than a last minute attempt for an arguably slightly more favorable sentence than that to which he and his client had already agreed under the terms of the written plea agreement. This understandable attempt to secure the best result possible does not signal that the agreement to a state prison sentence was uninformed or otherwise involuntary.

Defendant's claim challenges key provisions of his plea agreement and is not cognizable on appeal without a certificate of probable cause.

## II

### *Abstract of Judgment*

The term for an on-bail enhancement is two years. (§ 12022.1, subd. (b).) At sentencing, the trial court correctly imposed a consecutive two-year term for the on-bail enhancement. The abstract erroneously shows two one-year terms for two on-bail enhancements. The parties agree that this court should order the abstract corrected. We shall do so.

**DISPOSITION**

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment reflecting a two-year term for a single on-bail enhancement (§ 12022.1) and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

                                                /s/
                                            Duarte, J.

We concur:

  /s/
Robie, Acting P. J.

  /s/
Mauro, J.

8